From M. M. Burke, Shenandoah, Pa.

---

## Crannell v. H. R. Moch, Inc.

*Judgment—Default—Replevin—Rule to open—Sheriff returns—Non est inventus—Nihil habet—Act of March 19, 1923.*

1. Where the sheriff returned the writ *non est inventus* as to the defendant, a judgment entered by default in an action of replevin was opened on petition.

2. A return of *nihil habet* is required by the Act of March 19, 1923, P. L. 14, amending the Act of 1901.

3. A substantial difference exists between a return of *non est inventus* and *nihil habet*.

Rule to open judgment. C. P. Allegheny Co., Jan. T., 1925, No. 2931.

Before Evans, Ford and Rowand, JJ.

*John N. English,* for plaintiff; *Griffith & Balter,* for petitioners.

ROWAND, J., March 9, 1926.—This matter comes before the court upon a petition to open a judgment entered by default in an action of replevin. The petitioner is H. R. Moch, Inc., one of the above-named defendants.

It appears from the petition and answer filed that the plaintiff engaged the defendant, H. R. Moch, Inc., who was in the transfer, hauling and storage business in the City of Albany, State of New York, to transport certain household goods belonging to the plaintiff from the City of Albany to the City of Pittsburgh. Upon the arrival of these goods in the City of Pittsburgh, the defendant made demand of the plaintiff for $400, which amount, it is averred, was a fair and reasonable charge for the work done and service rendered, and the plaintiff refused to pay the amount asked, but tendered $175, which she claimed was the contract price. Upon the refusal of the plaintiff to pay the amount as demanded by defendant, the goods were placed in the Murdoch Storage and Transfer Company at their place of business in the Borough of Wilkinsburg, this county; whereupon the plaintiff, at the above number and term, caused to be issued out of this court a writ of replevin, returnable to the first Monday of January, 1925. Service was had on the Murdoch Storage and Transfer Company, the goods were delivered to the plaintiff, and the sheriff returned the writ as to the defendant, H. R. Moch, Inc., *non est inventus;* and on July 8, 1925, plaintiff filed her præcipe for judgment against H. R. Moch,

Inc., one of the defendants, in default of appearance, and against Murdoch Storage and Transfer Company, the other defendant, in default of an affidavit of defence. On Dec. 17, 1925, defendant, H. R. Moch, Inc., files its petition to open the judgment, and on Feb. 18, 1925, plaintiff files her answer to said petition, alleging that there was an express agreement between her and the defendant for the transportation of the goods for $175, and alleges damage and loss to her goods.

Plaintiff relies upon her right to judgment under the authority of the Act of Assembly of March 19, 1923, P. L. 14, which is an amendment to the Act of 1901, the amendment reading as follows: "Where the writ has been returned *nihil habet* as to the defendant, it shall be lawful for the plaintiff, at and after the third term of the court after the execution of the writ, to take judgment against the defendant for default of appearance."

We are of the opinion that the Act of 1923 is clear and unambiguous and requires the return of *nihil habet*. The record discloses that the return of the sheriff was *non est inventus*. There is a substantial difference between a return of *nihil habet* and a return of *non est inventus:* Sherer v. Easton Bank, 33 Pa. 134.

After a careful examination of the pleadings, we are of the opinion that the judgment in this case should be opened and defendant, H. R. Moch, Inc., allowed to defend.

From William J. Aiken, Pittsburgh, Pa.